UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-10039-CIV-MOORE/MCALILEY

JONATHAN KEITH ROGERS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO CORRECT SENTENCE

Petitioner, Jonathan Keith Rogers, has filed a Motion to Correct Sentence and Memorandum of Law pursuant to 28 U.S.C. § 2255. [DE 1]. The Honorable K. Michael Moore referred the motion to me, and the government has filed a response. [DE 4, 7-8]. For the reasons explained below, I recommend that the Motion be granted.

Rogers was charged with being a felon in possession of a firearm, in violation of 18 U.S.C §§ 922(g)(1) and 924(e). [CR-DE 10].[1] In April 2006, Rogers pled guilty to that charge. [CR-DE 22].[2] The Court sentenced Rogers, pursuant to the sentencing enhancement set forth in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to a mandatory fifteen year term of imprisonment. [CR-DE 26]. The ACCA applies where the Court finds, as it did when it sentenced Rogers, that he had three prior

---

[1] Docket entries in Rogers' underlying criminal trial, Case no. 06-10003, are cited herein as "CR-DE."

[2] In the plea agreement, the parties acknowledged that the Defendant's conviction for being a felon in possession of a firearm, in violation of the ACCA, would require the Court to impose a sentence of fifteen years of incarceration. CR-DE 23, ¶4.

1

convictions for "a violent felony or a serious drug offense." *See* 18 U.S.C. §924(e)(1). Had Rogers not been subject to the ACCA, the Court could not have sentenced Rogers to more than ten years of imprisonment. *See* 18 U.S.C. § 924(a)(2).

The United States Supreme Court, in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015), invalidated the "residual clause" of the ACCA, finding it unconstitutionally vague in violation of the Fifth Amendment to the U.S. Constitution.[3] The Court found that Rogers had the requisite three qualifying felony convictions.[4] One of those convictions was in South Carolina for second degree burglary.

In his Motion Rogers asks the Court to resentence him without the ACCA enhancement. He correctly points out that the Eleventh Circuit has determined that a conviction for second degree burglary under South Carolina law does not qualify as a predicate conviction under the ACCA. *See United States v. Lockett*, 810 F.3d 1262, 1272 (11th Cir. 2016) (vacating sentence imposed under ACCA). The Government agrees that Rogers' "South Carolina burglary conviction no longer qualifies for the [ACCA] enhancement [and] [t]he Court, therefore, should grant the Defendant's Motion."[5] [DE 7, p. 2].

I have carefully considered the parties' memoranda, the relevant portions of the record and the applicable law, and agree with the parties that Rogers' South Carolina

---

[3] The residual clause defines a violent felony as a felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(1)(B)(ii).
[4] Rogers had only three prior felony convictions that might qualify as predicate offenses under the ACCA.
[5] The Government also agrees that this Court has jurisdiction to hear the Motion, the Supreme Court's decision in *Johnson* applies retroactively, and the Motion is timely. [DE 7, p. 2].

burglary conviction does not qualify as a predicate conviction under the ACCA. As a result, it is now clear that Rogers does not have three qualifying convictions required for application of the ACCA's enhanced penalty and I therefore **RECOMMEND** that the Court **GRANT** Rogers' Motion and resentence Rogers without reference to the ACCA.

The parties may file written objections to this Report and Recommendation with the Honorable K. Michael Moore **no later than July 21, 2016**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained therein. *RTC v. Hallmark Builders, Inc.*, 996 F. 2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F. 2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 15th day of July, 2016.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore
All counsel of record